**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRIME NEURO SPINE INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 25cv1053 (EP) (MAH)<br><br>**WHEREAS OPINION & ORDER** |

**PADIN, District Judge.**

**THIS MATTER** comes before this Court upon Plaintiff Prime Neuro Spine Institute's Motion to Confirm an Arbitration Award and to Stay Discovery, D.E. 17 ("Motion"); and

**WHEREAS** Plaintiff initiated the instant lawsuit on February 6, 2025, against Defendant Aetna Life Insurance Company, asserting claims pursuant to and in violation of the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.* D.E. 1 ("Compl.") ¶¶ 23-36. As outlined in the Complaint, Plaintiff seeks to recover $90,000 from an Independent Dispute Resolution ("IDR") award issued on February 14, 2024, following IDR proceedings. *Id.* ¶¶ 17, 32; and

**WHEREAS** multiple opinions from this District have recently considered the questions of law raised in Plaintiff's Motion, Defendant's opposition brief, D.E. 22, and Plaintiff's reply brief, D.E. 23, including *Modern Orthopaedics of New Jersey v. Premera Blue Cross*, No. 25-1087, 2025 WL 3063648 (D.N.J. Nov. 3, 2025), *Garden State Pain Management v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-5679, 2025 WL 3443243 (D.N.J. Dec. 1, 2025), and *Mitchell F. Reiter MD PC, v. Horizon Blue Cross Blue Shield Of New Jersey*, No. 25-12526, 2025 WL 3514300, at *1 (D.N.J. Dec. 8, 2025), and have uniformly held, *inter alia*, that this Court

lacks jurisdiction to confirm NSA awards because the IDR process is not an arbitration and there is no enforceable arbitration award. Accordingly, this Court ordered the parties to each file a letter addressing whether the reasoning in these cases applies to the present matter and is dispositive of the issues raised in Plaintiff's Motion. D.E. 24; and

**WHEREAS** having considered the parties' briefs and supplemental letters, the Court concludes that, for the reasons thoughtfully and thoroughly articulated in the aforementioned opinions, it lacks jurisdiction over the instant matter; therefore

Plaintiff's Motion to Confirm an Arbitration Award is **DENIED**, and because the Court lacks jurisdiction over this action, Plaintiff's Motion to Stay Discovery is **DENIED** as **MOOT** and Plaintiff's Complaint is **DISMISSED** *with prejudice*.

Dated: **January 7, 2026**

*Evelyn Padin*
Evelyn Padin, U.S.D.J.